UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

**FILED UNDER SEAL**

In re:                                    )
LORING JUSTICE                            )  No. 1:11-mc-3
BPR No. 019446                            )
                                          )  Chief Judge Curtis L. Collier
                                          )
                                          )

**SHOW CAUSE ORDER**

Pursuant to Local Rule 83.7(b) of this Court, you are formally notified that the undersigned is initiating formal disciplinary proceedings against you. It has come to the attention of the undersigned that you may have "violated the Rules of Professional Conduct as adopted by the Supreme Court of Tennessee [and] engaged in unethical conduct tending to bring the Court or the bar into disrepute." *See* E.D. Tenn. L.R. 83.7(a).

**I.     FACTUAL ALLEGATIONS**

On September 10, 2007, Loring Justice ("Respondent") filed a Complaint on behalf of his client, Scotty Lee Thomas, against Lowe's Home Centers, Inc. in Tennessee state court. The defendant removed the case to the Knoxville Division of this District on September 25, 2007, as *Scotty Lee Thomas v. Lowe's Home Centers, Inc.*, Case No. 3:07-CV-372. Respondent subsequently filed a Motion for Default Judgment in *Thomas*, seeking sanctions for discovery abuse. The district judge granted the motion in part, holding Respondent would be awarded attorneys' fees and costs associated with the discovery of a particular witness. The district judge set a schedule for

Respondent to provide documentation evidencing the fees, expenses, and costs incurred with respect to the discovery of the witness.

On April 8, 2011, the day the documentation was due, Respondent filed a motion for additional time to file the bill of costs, and attached a draft bill of costs and itemization of fees.[1] On April 11, 2011, he filed an amended motion for an extension of time, and attached an amended bill of costs. On April 12, 2011, the parties filed a joint motion for extension of time. The magistrate judge entered an order granting an extension through April 22, 2011. On that date, Respondent filed a final revised fee petition. This document claimed $106,302.00 in fees, $97,650.00 of which was attributed to hours billed by Respondent personally, the remainder by Respondent's associates.

In submitting this fee petition to the court, Respondent was representing that the petition was accurate and reflected work he had personally performed, save for that attributed to his associates. Contrary to that representation, however, it appears the fee application wrongly attributes to Respondent work actually performed by his contract paralegal, Benjamin Kerschberg. Respondent essentially transposed Mr. Kerschberg's time entries onto his fee petition, thereby intentionally and falsely claiming the work as his own. By this mechanism Respondent inflated the amount of the claim and stood to personally benefit financially. Through his knowing submission of a false and inflated fee petition, Respondent has called into question his fitness to be a member of the bar of this court and has hindered the due administration of justice.

## II. UNPROFESSIONAL AND UNETHICAL BEHAVIOR

---

[1] This motion, and Respondent's subsequent motions, referred to a "Bill of Costs." This is actually a misnomer, since bills of costs are filed following entry of a judgment, which had not occurred in the *Thomas* case.

Local Rule 83.7(a) provides: "The court may impose discipline on any member of its bar who violated the Rules of Professional Conduct as adopted by the Supreme Court of Tennessee, or has engaged in unethical conduct tending to bring the court or the bar into disrepute." It would appear Respondent's actions constitute violations of the following Tennessee Rules of Professional Conduct:

> A. Rule 1.1: A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.
>
> B. Rule 3.3: (a) A lawyer shall not knowingly (1) make a false statement of fact or law to a tribunal . . . (b) A lawyer shall not offer evidence the lawyer knows to be false . . . .
>
> C. Rule 8.4: It is professional misconduct for a lawyer to:
>
> (a) violate or attempt to violate the Rules of Professional Conduct . . .
>
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;
>
> (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;
>
> (d) engage in conduct that is prejudicial to the administration of justice . . . .

It also appears Respondent, in submitting this fee petition to the court, falsely certified to the court that the petition had evidentiary support and was not submitted for an improper purpose. *See* Fed. R. Civ. P. 11(b). Likewise, it appears Respondent may have "knowingly and willfully . . . [made a] materially false, fictitious, or fraudulent statement or representation" to the court. *See* 18 U.S.C. § 1001(a)(2).

The above enumerated alleged violations of the Tennessee Rules of Professional Conduct and other authority amounts to unethical conduct tending to bring the court or the bar into disrepute. Accordingly, this conduct appears to be in violation of Local Rule 83.7.

**III. SHOW CAUSE**

Respondent is hereby **ORDERED** to **SHOW CAUSE** within twenty days of the entry of this Order why disciplinary action should not be taken against him. Any response by Respondent shall be filed, under seal, with the clerk of court,[2] and shall contain the following, in accordance with E.D.Tenn. L.R. 83.7(d):

(1) The name, address, and telephone number of Respondent;

(2) A specific admission or denial of each of the factual allegations contained in the order to show cause and, in addition, a specific statement of any facts on which Respondent relies, including all other material dates, places, persons, and conduct relevant to the allegations of the order, specifically:

    (a) that on April 22, 2011, Respondent submitted a fee petition to the court in the *Thomas* case;

    (b) that this fee petition attributed to Respondent work his contract paralegal, Mr. Kerschberg, had actually performed, and which was not performed jointly by Respondent and Mr. Kerschberg;

---

[2] Any response and/or inquiry should be directed to John Medearis, Chief Deputy Clerk, 309 Joel W. Solomon Federal Building and United States Courthouse, 900 Georgia Avenue, Chattanooga, TN 37402, (423) 752-5285.

(c) that in preparing the fee petition, Respondent substantially adopted time entries and descriptions of work contained in Mr. Kerschberg's records and invoices rather than relying on Respondent's own time records;

(d) that in submitting this fee petition which wrongfully attributed work performed by Mr. Kerschberg to Respondent, Respondent demonstrated incompetence and lack of the necessary skill to practice in this court;

(e) that in submitting this fee petition which wrongfully attributed work performed by Mr. Kerschberg to Respondent, Respondent submitted a false claim and document to the court;

(f) that in submitting this fee petition which wrongfully attributed work performed by Mr. Kerschberg to Respondent, Respondent committed a criminal act that reflects adversely on Respondent's honesty, trustworthiness, or fitness as a lawyer in other respects, that is, a violation of 18 U.S.C. § 1001;

(g) that in submitting this fee petition which wrongfully attributed work performed by Mr. Kerschberg to Respondent, Respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation; and

(h) that in submitting this fee petition which wrongfully attributed work performed by Mr. Kerschberg to Respondent, Respondent engaged in conduct that is prejudicial to the administration of justice.

(3) All documents or other supporting evidence relevant to the charges of alleged misconduct;

(4) A specific request for a hearing or a statement specifically declining a hearing;

(5) A statement signed by Respondent under the penalty of perjury indicating that

Respondent has read the response and that, to the best of Respondent's knowledge, the facts alleged therein are correct.

The Clerk is **DIRECTED** to send a copy of this Order by certified mail to the last known address of Respondent, and to enclose a copy of Local Rule 83.7.

All records pertaining to this matter shall be confidential and kept **UNDER SEAL** in the Clerk's Office, unless otherwise ordered by the Court.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**