IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

FILED 

2014 SEP -5 P 12: 31

IN RE: LORING JUSTICE
BPR No. 019446
No. 1:11-MC-3-TAV

U.S. DISTRICT COURT
EASTERN DIST. T...

## AMENDED PETITION FOR REINSTATEMENT

Petitioner, Loring E. Justice, petitions the Court for reinstatement to the bar of the United States District Court for the Eastern District of Tennessee under Rule 83.7 of the Local Rules of the United States District Court for the Eastern District of Tennessee, and would show:

### I. BACKGROUND

Petitioner incorporates his original petition and related affidavit as if set forth verbatim.

### II. COMPLIANCE WITH REQUIREMENTS OF E.D. Tenn. L.R. 83.7(l)(1)

#### A. Application Fee

This fee was paid to the Clerk of Court in the amount of $200 as instructed by the Clerk.

#### B. Filing with the Clerk

This petition has been filed with the Clerk.

#### C. Concise Statement of Disciplinary Proceedings

By Order filed on March 4, 2014, Petitioner was suspended from the bar of the Eastern District of Tennessee for a period of six (6) months, commencing on February 24, 2014 (Doc. 70) for violating the Rules of Professional Conduct as adopted by the Supreme Court and engaging in unethical conduct tending to bring the Court and the bar into disrepute [*See* Docs. 34, 70, 76]. The disciplinary proceeding was related to a petition for fees and costs awarded to the Plaintiff in *Scotty Lee Thomas v. Lowe's Home Centers, Inc.*, Case No: 3:07-CV-372-PLR-WBC.

#### D. Grounds Justifying Reinstatement

1. Petitioner's suspension period has ended. (Doc. 76)

2. Petitioner has complied with all provisions of the Court's suspension order. *See,* Second Affidavit of Loring E. Justice, *Exhibit 1*.

3. There have been no other disciplinary actions against Petitioner by any other court or bar. For clarity, when the document was filed that led to the disciplinary sanction in this case, a parallel complaint was filed with Tennessee's Board of Professional Responsibility. This matter is still active but is based solely on the conduct involved in this case and Tennessee has imposed no sanction or discipline of any kind nor is any sanction pending. Petitioner has never been disciplined other than this case and no disciplinary case is pending in any other jurisdiction, except the Tennessee matter based wholly upon the circumstances of this case.

### E. The Requisite Good Moral Character, Ethical Standards, Professional Competence, And Learning In The Law

Petitioner has not been disciplined but for this case and not alleged by any disciplinary authority to have acted in any way improperly but for this case. Since the discipline in this case, Petitioner has not been alleged by any court, bar or authority of any kind to have acted improperly or unethically. Petitioner has never been arrested nor convicted of any crime beyond the gravity of a speeding ticket. As confirmed by the attached affidavit and declarations, Petitioner has handled numerous cases including trials and appeals in the relevant period and has taught the law in multiple seminars and presentations and possesses the requisite good moral character, ethical standards, professional competence and learning in the law necessary to serve as an officer of the Court and to be readmitted to the practice of law in this Court.

Petitioner respectfully requests leave to amend this Petition if the Court needs anything further.

Respectfully submitted his the 5th day of September, 2014.

/s Loring Justice
Loring Justice (TN BPR: 019446)
Loring Justice, P.L.L.C.
11911 Kingston Pike, Suite 201
Knoxville, TN 37934
Telephone: (865) 584-8620

Petitioner

## Declaration

I, Loring E. Justice, Petitioner, declare I have read the foregoing Petition and the factual allegations contained are correct and to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

This 4th day of September, 2014.

_____
Loring E. Justice

IN RE: LORING JUSTICE
BPR No. 019446   No. 1:11-MC-3-TAV

**AFFIDAVIT OF LORING E. JUSTICE**

STATE OF TENNESSEE )
COUNTY OF KNOX )

Comes now the Affiant, Loring E. Justice, who, having first been duly sworn, makes oath the following statements are true:

1. I am an adult citizen, over the age of eighteen (18) years, and am competent to make the statements in this Affidavit.

2. I am the Petitioner for reinstatement.

3. I have complied with all provisions of the Court's March 4, 2014 Order of suspension (Doc. 70), the Court's June 6, 2012 Memorandum and Order (Doc. 24) and Court's June 11, 2012 Revised Memorandum and Order (Doc. 25). I have complied fully with all disciplinary restrictions and conditions imposed specifically on me and that generally pertain to suspended attorneys during their period of suspension.

4. There have been no other disciplinary actions against me by any other court or bar. For clarity, when the document was filed that led to the disciplinary sanction in this case, a parallel complaint was filed with Tennessee's Board of Professional Responsibility. This matter is still active but is based solely on the conduct involved in this case and Tennessee has imposed no sanction or discipline of any kind nor is any sanction pending. I have never been disciplined other than this case and no disciplinary case is pending in any other jurisdiction, except the Tennessee matter based wholly upon the circumstances of this case.

5. I have never been arrested nor have I been convicted of any crime, other than I have paid speeding and parking tickets. I have engaged in no act or omission inconsistent with the good moral character and ethical standards necessary to be readmitted to the bar.

6. I have the requisite good moral character and ethical standards to be readmitted to the bar and during the period of suspension and until today I have done nothing to contravene my possession of the requisite good moral character and ethical standards.

7. I also have the professional competence and learning in the law to be readmitted to the bar. Since the original Order of Suspension (Doc. 25), I have written an appeal of an adverse jury verdict in a complex medical malpractice action to the

Tennessee Court of Appeals. I conducted the oral argument before the Tennessee Court of Appeals. The appeal, briefing and argument for my clients resulted in published decision vacating the jury's verdict and remanding for a new trial. See, *Burchfield v. Renfree*, 2013 WL 5676268 (Tenn. Ct. App. October 18, 2013).

8. I have also handled numerous cases successfully in Tennessee's state court system in health care liability, personal injury, workers' compensation and otherwise in tort law.

9. I have written the instructional materials for and taught several seminars in the law since the original Order of Suspension, including:

   a. "Workers' Compensation Subrogation," National Business Institute, Knoxville, Tennessee, July 25, 2012.

   b. "Death Benefits," in *Workers' Compensation Seminar – The New Dawn: Preparing Today for Tomorrow's Problems*, Tennessee Association for Justice, Nashville, Tennessee, November 2, 2012.

   c. "Preparing Your Office -- What to do Before You Set Foot in Court" and "Succeeding at Trial," *Institute for Paralegal Education*, Knoxville, Tennessee, June 20, 2013.

   d. "Mass Torts and Extraordinary Litigation," *Mass Torts 101*, Gerson Lehrman Group, Web Seminar, August 19, 2014.

Further the Affiant sayeth not.

_____
LORING E. JUSTICE

Subscribed and sworn to before me this 4th day of September, 2014.

_____
NOTARY PUBLIC

My Commission Expires: June 6, 2017

*[Notary Seal: KELLY LYNN CLICK, STATE OF TENNESSEE, NOTARY PUBLIC, KNOX COUNTY]*

## DECLARATION OF CHAD RICKMAN

Comes now Declarant, Chad Rickman, and states:

1. I am an adult citizen, over the age of eighteen (18) years, and am competent to make the statements contained in this Affidavit.

2. I am a member of the bar of the State of Tennessee, the United States District Court for the Eastern District of Tennessee, the United States District Court for the Western District of Tennessee, the United States Court of Appeals for the District of Columbia Circuit, and the United States Supreme Court.

3. I have known Loring E. Justice for approximately fifteen (15) years, in a capacity as both opposing counsel and co-counsel.

4. I worked closely with him for in excess of four years and have observed his work habits, ethics and professional competence and learning in the law.

5. Loring E. Justice possesses the requisite good moral character and ethical standards to be readmitted to the bar of the Court.

6. During the period of his suspension and until today I know of no act or omission to contravene Loring E. Justice's possession of the requisite good moral character and ethical standards necessary to be readmitted to the bar of the Court.

7. Based upon my experience and my observation of his work, including but not limited to the context of trial and other litigation proceedings, appellate and administrative proceedings, Loring E. Justice has the professional competence and learning in the law necessary to serve as an officer of the Court and to be readmitted to the bar of the Court.

   I declare under penalty of perjury under the laws of the United States of America that thforegoing is true and correct.

Executed on the 4th day of September, 2014.

_____
CHAD RICKMAN

## DECLARATION OF CHRISTOPHER SMITH

Comes now the Declarant, Christopher Smith, Esq., and declares under the penalty of perjury the following statements are true:

1. I am an adult citizen, over the age of eighteen (18) years, and am competent to make the statements contained in this Declaration.

2. I am an inactive member of the bar of the District of Columbia, the Maryland State Bar, the United States District Court for the District of Maryland, the United States District Court for the District of Columbia and the United States Court of Appeals for the Fourth Circuit. I am a former Visiting Assistant Professor of Law at Widener Law School and am currently a Director of Federal Public Policy for the National Association of Chain Drug Stores in Arlington, Virginia. I have published several journal articles on various aspect of the law including:

*It's a Mistake: Insurer Cost Cutting, Insurer Liability and the Lack of ERISA Preemption within the Individual Exchanges,* Cleveland State Law Review (2014).

*Somebody's Watching Me: Protecting Patient Privacy in De-Identified Prescription Health Information,* Vt. L. Rev. (2012).

*Between the Scylla and Charybdis: Physicians and the Clash of Liability Standards and Cost Cutting Goals within Accountable Care Organizations,* Annals Health L. (2011).

*The Skeleton Key: Will The Federal Health Care Reform Legislation Unlock the Solutions to Diverse Dilemmas Arising from the State Health Care Reform Laboratories?,* J.L. & Health (2011).

*Polarized Circuits: Party Affiliation of Appointing Presidents, Ideology and Circuit Court Voting in Race and Gender Civil Rights Cases,* Hastings Women's L.J. (2011).

*I Fought the Law and the Law Lost: The Case for Congressional Oversight Over Systemic Department of Justice Discovery Abuse in Criminal Cases,* Cardozo Pub. L. Pol'y & Ethics J. (2010).

3. I have known Loring E. Justice for approximately seventeen (17) years.

4. I often discuss the law with him and spent significant time with him in recent months. I have discussed my publications with him, before their publication to gain his advice and afterward. I have discussed the courses I was teaching with him for his insight into the law and how best to teach it. He has always freely given in this regard.

5. Loring E. Justice has the requisite good moral character and ethical standards to be a member of the bar of any Court.

6. I know of no act or omission to contravene Loring E. Justice's possession of the requisite good moral character and ethical standards necessary to be a member of any Court and I would recommend him to any Court.

7. Based upon my experience, I know Loring E. Justice to have the professional competence and learning in the law necessary to serve as an officer of any Court and to be a member of the bar of any Court.

Further the Declarant sayeth not.

I declare the foregoing to be true under penalty of perjury.

_____
CHRISTOPHER R. SMITH

This 3rd day of September, 2014.